IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 06 C 3272 |
| FIVE STAR MECHANICAL SERVICES, INC., a corporation, | ) ) ) ) | JUDGE JAMES B. ZAGEL |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A STIPULATION TO DISMISS
AND ENTERING JUDGMENT AGAINST DEFENDANT
AND PAUL A. BENETAZZO, INDIVIDUALLY**

NOW COME Plaintiffs, SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order to reopen this case for the limited purpose of enforcing the terms of a Stipulation to Dismiss entered into between the parties and filed with this Court on September 7, 2006. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Sheet Metal Workers Local 265 Fringe Benefit Funds, alleging, inter alia, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with Local 265 of the Sheet Metal Workers' International Association, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to

remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On September 7, 2006, a Stipulation to Dismiss incorporating the terms for settlement agreed to and stipulated by the parties was filed electronically with this Court (a copy of the Stipulation to Dismiss is attached as Exhibit "A").

3. On September 7, 2006, this Court dismissed this cause of action with prejudice pursuant to the terms of the Stipulation to Dismiss (a copy of the Court's Minute Order entered September 7, 2006 is attached as Exhibit "B").

4. The Stipulation specifically provides that this Court retains jurisdiction over this matter, and the parties for the purpose of enforcing its terms. See, Exhibit A.

5. Defendant acknowledged and stipulated that it owed the total amount of $29,236.32 for contributions, liquidated damages, attorneys' fees and costs for the time period November 2005 through May 2006, as described in Paragraph 2 of the Stipulation to Dismiss.

6. Defendant also acknowledged and agreed to remain current with respect to the submission of monthly contribution reports and the payment of fringe benefit contributions that accrue.

7. Defendant agreed to make payment to Plaintiffs of the amount specified in Paragraph 5, being $29,236.32, by way of the payment schedule below:

| Date Due | Amount Due |
|---|---|
| September 15, 2006 | $1,500 |
| October 15, 2006 | $2,000 |

| | |
|---|---|
| November 15, 2006 | $2,500 |
| December 15, 2006 | $2,500 |
| January 15, 2007 | $2,500 |
| February 15, 2007 | $2,500 |
| March 15, 2007 | $2,500 |
| April 15, 2007 | $2,500 |
| May 15, 2007 | $2,500 |
| June 15, 2007 | $2,500 |
| July 15, 2007 | $3,000 |
| August 15, 2007 | $2,736.32 |

8. In the event that Defendant fails to make payments timely as agreed in Paragraph 6, or fails to submit current reports and contributions as they become due throughout the pendency of the payment schedule, Defendant, Five Star Mechanical Services, Inc., and Paul A. Benetazzo, individually, shall be considered in violation of the Stipulation. In such event, Defendant, Five Star Mechanical Services, Inc., and Paul Benetazzo, individually, consent to the entry of judgment against themselves, and in favor of Plaintiffs, for all unpaid installments due under the Stipulation, all contributions due according to subsequently submitted reports, and all Plaintiffs' reasonable attorneys' fees incurred to date.

9. The Stipulation to Dismiss provides that in the event Defendant violates the Stipulation, Plaintiffs shall be entitled to apply to the Court for reinstatement of this action.

10. Defendant failed to submit timely its 1st and 2nd installment payments of $1,500.00 and $2,000.00 respectively on or before the due dates of September 15, 2006 and October 15, 2006, as described in Paragraph 7 above.

11. Additionally, Defendant owes contributions and liquidated damages for the time period June 2006 through December 2006, as set forth below:

|  | Contributions | Liquidated Damages |
|---|---|---|
| Welfare Fund | $2,189.53 | $218.95 |
| Pension Fund | $1,252.06 | $125.21 |
| Supplemental Retirement | $1,198.11 | $119.81 |
| Educational | $ 221.68 | $ 22.17 |
| Industry | $ 47.92 | $ 4.79 |
| Savings | $ 255.93 | $ 25.59 |
| Dues | $ 8.72 | $ .87 |

12. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order to reopen this case for the limited purpose of enforcing the terms of the Stipulation to Dismiss and entering judgment against the Defendant. Specifically, Plaintiffs request:

    A.    That judgment be entered in favor of Plaintiffs and against Defendant, Five Star Mechanical Services, Inc., and Paul A. Benetazzo, Individually, to include the amount of $21,492.91, being the total amount remaining due for contributions, liquidated damages, attorneys' fees and costs for the time period November 2005 through May 2006 as set forth in the Stipulation to Dismiss.

    B.    That judgment be entered in favor of Plaintiffs and against Defendant, Five Star Mechanical Services, Inc., and Paul A. Benetazzo, Individually, to include the amount of $5,691.34, being the total amount due for contributions and liquidated damages for the time period June 2006 through December 2006.

    C.    That judgment be entered in favor of Plaintiffs and against Defendant, Five Star Mechanical Services, Inc., and Paul A. Benetazzo, Individually, to include the amount of $975.00 as and for Plaintiffs' attorneys' fees expended to enforce the terms of the Stipulation.

    D.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

SHEET METAL WORKERS LOCAL 265
WELFARE FUND, et al.,


/s/   Beverly P. Alfon




Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

**CERTIFICATE OF SERVICE**

        The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion to Reopen) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 5th day of February 2007:

> Mr. Paul A. Benetazzo, President
> Five Star Mechanical Services, Inc.
> 149 W. Boughton Road
> Bolingbrook, IL  60440

        /s/   Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\265J\Five Star\Mechanical Services\2006\motion to reopen.bpa.df.wpd